{ ¶ 24} I respectfully dissent from the decision of the majority.
{ ¶ 25} The duration of the original two-year term of the written contract of employment between Dr. Charney and Nephrology Associates of Dayton, Inc. ("NAD") had been extended by their mutual agreement to June 30, 2005. The contract contains two further provisions relevant to this dispute.
{ ¶ 26} First, the contract confers on both parties a unilateral right of early termination, giving each the power to terminate the rights and duties they owe each other pursuant to the contract during its term. The contract further states that notice of termination must be given at least one hundred twenty days prior to the date of such termination.
{ ¶ 27} Second, the contract provides that NAD will pay Dr. Charney two months salary as severance pay "[i]n the event of the termination of the Employee's employment under this agreement by the Corporation, including the expiration thereof," unless NAD and Dr. Charney have agreed that he will then become a shareholder of NAD.
{ ¶ 28} Read together, these provisions obligate NAD to pay the agreed severance amount upon the conclusion of Dr. Charney's status as an employee, whether by reason of NAD's exercise of its right to terminate Dr. Charney before the term of the employment agreement expires or, alternatively, the agreement expires, and in either event without the parties having mutually agreed that Dr. Charney would then become a shareholder of NAD. However, if Dr. Charney exercises his right to terminate his employment prior to the expiration of the contract term, NAD is relieved of its duty to make the severance payment.
{ ¶ 29} The record reflects that, at the end of February, 2005, Dr. Charney notified NAD that he had agreed to join a physicians group in Seattle after June 30, 2005, and therefore he would not extend his association with NAD, whether as an employee or a shareholder, past the expiration of the term of his employment on June 30, 2005. The trial court construed that act as an exercise by Dr. Charney of his right of early termination, noting that the notice was given "four months prior to the expiration of the Employment Agreement." That finding presents two difficulties.
{ ¶ 30} First, the "end of February" is not four months prior to June 30. It is instead one hundred twenty-two days prior to June 30. Further, the additional two days of prior notice Dr. Charney gave doesn't necessarily mean that the contract of employment would terminate before the effective date of termination identified in the notice that was given.
{ ¶ 31} Second, under the "notice" that was given, the conclusion of Dr. Charney's status as an employee coincided, exactly, with the expiration of the term of the employment agreement on June 30, 2005. It is that date, not the earlier date on which notice was given, that determines the effect of the notice.[1] And, because the contract expired of its own terms on June 30, 2005, the "notice" Dr. Charney gave had no effect on the respective rights and duties of the parties as employer and employee during the contract term. In other words, the employment contract merely expired, and was not "terminated" by Dr. Charney.
{ ¶ 32} The majority finds that Dr. Charney, by giving "notice" when he did, somehow denied NAD its right under the contract to terminate the employment agreement, but how that is so remains unexplained. If NAD could not thereafter terminate Dr. Charney, it was only because NAD was required to give him one hundred twenty days notice, and beginning March 3, 2005, only one hundred twenty days or less of the term of the contract remained. It was their agreement and the calendar that prevented NAD from exercising its right of termination, not Dr. Charney.
{ ¶ 33} The majority puts great emphasis on the fact that while his contract with NAD was in effect Dr. Charney negotiated a contract of employment with the Seattle group. However, nothing in the contract between NAD and Dr. Charney prohibits that. At most, his conduct would indicate his intention not to become a NAD shareholder after his term of employment concluded, which would obligate NAD to pay severance, but that was his option. Neither party was prohibited from pursuing its own interests for the time after which the contract expired.
{ ¶ 34} In my view, reasonable minds could only conclude that the employment agreement between NAD and Dr. Charney expired on June 30, 2005, without the parties having mutually agreed that Dr. Charney would become a shareholder of NAD. Pursuant to their contract, that obligated NAD to make the agreed severance payment. I would therefore reverse the summary judgment granted NAD on its motion, and would also reverse the order denying Dr. Charney's motion for summary judgment and remand the case to the trial court to enter summary judgment for Dr. Charney on the motion.
[1] Under the trial court's construction of the notice provision, making the date of the notice also the date of termination, notice could never be given one hundred twenty days prior to the termination date.